

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:93-CR-75 |
| § | |
| TERRANCE ROSHANE HOLLAND § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Terrance Roshane Holland, violated conditions of supervised release imposed by United States District Judge Richard A. Schell. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #63) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on November 10, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court

-1-

factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 20, 1993, The Honorable Richard A. Schell of the Eastern District of Texas sentenced defendant after he pled guilty to the offense of knowingly and intentionally possessing with intent to distribute a Schedule II controlled substance, namely, 5 grams or more of a cocaine base, said possession to distribute occurring within 1,000 feet of a playground at Magnolia Gardens Apartment Complex, 3720 Magnolia, Beaumont, Texas, a Class B felony. The Court sentenced the defendant to 115 months imprisonment followed by 8 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; obtain a GED or vocational training, and a $50 special assessment. On September 16, 2013, Terrance Roshane

Holland completed his period of imprisonment and began service of the supervision term. His case was also reassigned to the docket of United States District Judge Marcia A. Crone on October 27, 2015.

On March 15, 2016, the Court revoked Mr. Holland's term of supervision for use of a controlled substance. He received 8 months imprisonment for the revocation, to be followed by a new four (4) year term of supervised release.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following special condition of supervised release:

*The defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but not longer than 180 days from admission. You shall abide by all rules and regulations of the center and pay subsistence. While in community confinement, he shall establish a savings account and regularly contribute no less than 25 percent of his employment earnings to the account in order to accumulate funds for the improvement of his lifestyle upon his release.*

Specifically, on October 19, 2016, as a result of his positive urine specimens, Mr. Holland was unsuccessfully discharged from the Community Corrections Center.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would offer the testimony of J. Stepcoe, the director of Bannum Place in Beaumont, who would testify that Mr. Holland was a resident of Bannum Place

on October 18, 2016, when he submitted a drug test specimen which yielded a positive test for cocaine. Stepcoe would testify Mr. Holland was terminated from Bannum Place due to this positive test result.

Defendant, Terrance Roshane Holland, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he was terminated from Bannum Place in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by being unsuccessfully discharged from the community corrections component of a Community Corrections Center. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years, minus the 8 months of imprisonment for the prior revocation, thus capping the maximum at 28 months. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to

be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the Probation Office, Mr. Holland failed to serve 163 days of court-ordered community corrections time.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Holland pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eight (8) months** imprisonment, which includes 163 days of unserved community corrections center time. If possible, the Court **recommends placement in the Federal Correctional Institution (FCI) in Texarkana, Texas,** for the prison term.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 11st day of November, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE